Third Division
February 2, 2011

No. 1-09-0398

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 08 CR 4949 |
| | ) | |
| MONTATE THOMAS, | ) | The Honorable |
| | ) | Michele M. Simmons, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE NEVILLE delivered the judgment of the court, with opinion.
Justices Murphy and Steele concurred in the judgment and opinion.

OPINION

Following a bench trial, the trial court found that Montate Thomas violated the armed habitual criminal statute. 720 ILCS 5/24-1.7 (West 2006). On appeal, Thomas contends that: (1) the prosecution did not prove that he committed two prior forcible felonies, because the prosecution did not show that Thomas's prior conviction for attempted murder qualified as a forcible felony; (2) his trial counsel did not provide effective assistance; and (3) the armed habitual criminal statute violates the *ex post facto* clauses of the Illinois and United States Constitutions.

We hold that (1) every attempted murder conviction counts as a forcible felony; (2) defense counsel subjected the State's case to meaningful adversarial testing and therefore provided effective assistance; and (3) the armed habitual criminal statute does not violate the Illinois and United States Constitutions. Therefore, we affirm.

BACKGROUND

On November 11, 2007, Joshua Humes rode as a passenger in a car Thomas was driving in Lansing, Illinois, when Detective Barajas effected a traffic stop of their car. Barajas found an unloaded assault rifle in the car. At the police station, Thomas signed a written statement in which he said:

> "At about 1 a.m. my cousin, Joshua, called me on my phone to pick
>
> him up. *** I drove to Joshua's house. *** At Joshua's house he gave
>
> me a chrome assault rifle. I took it from him and we agreed that I
>
> would pay him for it later. The gun was now mine."

The armed habitual criminal statute bans the possession of a firearm by any person with two prior convictions for forcible felonies. 720 ILCS 5/24-1.7 (West 2006). Thomas had three prior convictions for residential burglary, one burglary conviction, one armed violence conviction, and one prior conviction for attempted murder. A grand jury indicted Thomas for violating the armed habitual criminal statute. The grand jury specified only the attempted murder and one of the residential burglary convictions as the prior forcible felonies that made Thomas's possession of the rifle a violation of the armed habitual criminal statute.

At trial, the prosecution relied principally on the written statement Thomas signed. Thomas testified that when he picked up Humes on November 11, 2007, Humes put the assault rifle in the trunk of Thomas's car. The rifle stayed in the car when they stopped and Humes stepped out of the car for a few minutes. Thomas testified that Humes asked Thomas to claim that he owned the rifle,

because Humes was on parole and would get life in prison if he was caught with the gun. The parties stipulated that Thomas had prior convictions for attempted murder and residential burglary. The prosecution presented no evidence of the facts that supported the attempted murder conviction.

Defense counsel argued that Thomas did not have constructive possession of the rifle because he never intended to exercise control over it. The trial court said:

> "[T]his comes down to an issue of credibility. ***
>
> * * *
>
> *** [Thomas] had every intent to gain control over the weapon.
>
> ***
>
> Looking at the credibility of the witnesses, I do not believe that [Thomas] was not the person who intended to gain control over this weapon. I do not believe that it was his cousin, Joshua's ***.
>
> * * *
>
> This Court finds that attempt first degree murder falls within that definition of being a forcible felony."

The court found that Thomas violated the armed habitual criminal statute and sentenced him to nine years in prison.

## ANALYSIS

### Is Attempted Murder a Forcible Felony?

On appeal, Thomas does not contest the sufficiency of the evidence to support the trial court's

finding that he possessed the rifle. He argues that the proof of his previous conviction for attempted murder did not prove that he committed a forcible felony and, therefore, the State failed to prove that he violated the armed habitual criminal statute. We review *de novo* the question of law as to whether evidence that a defendant had a prior conviction for attempted murder, without any details about the crime, proves that he committed a forcible felony for purposes of the armed habitual criminal statute.

The armed habitual criminal statute adopts the definition of forcible felony from section 2-8 of the Criminal Code of 1961 (720 ILCS 5/2-8 (West 2006)). Section 2-8 provides:

" 'Forcible felony' means treason, first degree murder, *** burglary, residential burglary, *** and any other felony which involves the use or threat of physical force or violence." 720 ILCS 5/2-8 (West 2006).

In addition to the attempted murder and the armed violence convictions, Thomas had four prior convictions for crimes listed as forcible felonies in the statute: one for burglary, and three for residential burglary. However, the grand jury in the indictment specified one residential burglary and the attempted murder as the convictions that made Thomas's offense a violation of the armed habitual criminal statute. The indictment here suffices to state the elements of the offense, and the stipulation at trial suffices to prove the offense, if the proof of the attempted murder establishes the commission of a forcible felony. Because the legislature did not include attempted murder as one of the offenses listed in section 2-8, and because the prosecution presented no evidence concerning the facts underlying the attempted murder conviction, we must decide whether every attempted murder necessarily qualifies as a "felony which involves the use or threat of physical force or violence." 720

ILCS 5/2-8 (West 2006).

We find some guidance in cases interpreting a federal statute similar to our armed habitual criminal statute. The Armed Career Criminal Act of 1984 (18 U.S.C. §924(e)(1) (2006)) establishes the penalties for possession of firearms or ammunition by a person who has three previous convictions for violent felonies. See *Johnson v. United States*, ___ U.S. ___, 130 S. Ct. 1265 (2010). The statute defines violent felonies as those that involve the "use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. §924(e)(2)(B)(i) (2006). The United States Supreme Court held that in the context of this statute, "the phrase 'physical force' means violent force -- that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, ___ U.S. at ___, 130 S. Ct. at 1271. Similarly, we find, following *Johnson*, that under the Illinois statute, a felony involves "physical force or violence" if the felony can cause serious physical pain or bodily injury to another person. 720 ILCS 5/2-8 (West 2006); *Johnson*, ___ U.S. at ___, 130 S. Ct. at 1271; but see People v. Schmidt, 392 Ill. App. 3d 689, 694 (2009) (only enumerated aggravated batteries qualify as forcible felonies under section 2-8).

The Illinois statute that defines "forcible felony" does not require the actual infliction of physical injury; instead, the statute requires only the "use or threat of physical force or violence." 720 ILCS 5/2-8 (West 2006). Our supreme court has explained that a felony involves the threat of physical force or violence if the felon "contemplated that violence might be necessary" to carry out the crime. (Emphasis omitted.) *People v. Belk*, 203 Ill. 2d 187, 194 (2003).

In order for a trier of fact to find a defendant guilty of attempted murder, the prosecution

must prove that the defendant, with the specific intent to kill, committed an act that constituted a substantial step toward the commission of the murder. 720 ILCS 5/8-4, 9-1 (West 2006). Because every attempted murder involves a specific intent to cause death, the trier of fact who finds a person guilty of attempted murder must find that the guilty person contemplated the use of sufficient force to cause very serious injury, injury that can lead to death. Accordingly, we hold that every attempted murder qualifies as a forcible felony for purposes of the armed habitual criminal statute; therefore, Thomas's stipulation that he had convictions for residential burglary and attempted murder provided evidence to prove that his possession of a rifle violated the armed habitual criminal statute.

### Ineffective Assistance of Counsel

Thomas next contends that his trial counsel's representation amounted to no representation at all, because his counsel pursued a defense that essentially conceded his guilt and failed to challenge the characterization of attempted first degree murder as a forcible felony. We have already determined that the attempted murder qualifies as a forcible felony, and therefore defense counsel did not provide ineffective assistance when he failed to challenge the characterization of the attempted murder as a forcible felony. See *People v. Bartimo*, 345 Ill. App. 3d 1100, 1113 (2004). Thomas asserts that his trial counsel effectively conceded that Thomas constructively possessed the rifle when counsel elicited Thomas's testimony that he owned the car he drove and he knew Humes put a rifle in the car. Constructive possession entails an intent to "maintain control and dominion" over the object possessed. *People v. Fox*, 24 Ill. 2d 581, 585 (1962). The trier of fact can infer constructive possession of an object from control of an area (like a car) and knowledge of the presence of the

object (like a gun) in the area. *People v. Rangel*, 163 Ill. App. 3d 730, 739 (1987). However, the defendant can rebut the inference. *Rangel*, 163 Ill. App. 3d at 740. Defense counsel pursued the rational defense – we can think of none better – that Thomas did not own the gun and he never intended to exercise control over it. The trial court observed that the case came down to a question of credibility. Although the court found Thomas not credible, we cannot say that trial counsel failed to subject the State's case to meaningful adversarial testing. See *People v. Hattery*, 109 Ill. 2d 449, 461-62 (1985). Accordingly, we find that Thomas has not shown that he received ineffective assistance of counsel.

### Constitutionality of the Armed Habitual Criminal Statute

Finally, Thomas contends that his conviction under the armed habitual criminal statute violated the constitutional prohibition against *ex post facto* laws because his prior convictions occurred before the statute was enacted. We review defendant's challenge to the constitutionality of this statute *de novo*. *People v. Leonard*, 391 Ill. App. 3d 926, 931 (2009).

The First and Third District Appellate Courts of this state have considered the same issue advanced by defendant and decided it adversely to him. See *e.g.*, *Leonard*, 391 Ill. App. 3d 926; *People v. Adams*, 404 Ill. App. 3d 405 (2010); *People v. Bailey*, 396 Ill. App. 3d 459 (2009). In *Leonard*, 391 Ill. App. 3d at 931, the reviewing court observed that recidivist statutes in this state have consistently withstood challenges to their validity for the reason that they punish defendant for a new and separate crime, not for the offenses committed before the statute was enacted. In such statutes, as here, defendant's prior convictions are only an element of the new crime. *Leonard*, 391

Ill. App. 3d at 931.

This court applied the same rationale in *Bailey*, 396 Ill. App. 3d at 463, and *Adams*, 404 Ill. App. 3d at 413, and likewise concluded that the armed habitual criminal statute does not punish a defendant for his prior convictions, but rather for a new and separate subsequent crime. Thus, this court found that the armed habitual criminal statute did not violate the constitutional prohibitions against *ex post facto* laws.

Thomas argues that we should reject *Leonard*, *Bailey* and *Adams* because those decisions conflict with *People v. Dunigan*, 165 Ill. 2d 235 (1995). The *Dunigan* court held that the habitual criminal act did not violate *ex post facto* principles because it only enhanced the sentence for a new crime. *Dunigan*, 165 Ill. 2d at 240-44. In *Leonard*, 391 Ill. App. 3d at 932, the court specifically addressed this point, explaining that the court in *Dunigan* did not find that habitual criminal legislation must not include previous convictions as an element of the offense. A defendant's prior crimes count as elements of a violation of the armed habitual criminal statute, as the prior offenses establish that the defendant fits in the class of persons who must not possess firearms. The act that violates the statute, possession of a firearm by a twice-convicted felon, must take place entirely after the enactment of the armed habitual criminal statute. Thus, the armed habitual criminal statute does not violate the prohibition against *ex post facto* laws. *Leonard*, 391 Ill. App. 3d at 932.

## CONCLUSION

We find that every attempted murder conviction counts as a forcible felony for purposes of the armed habitual criminal statute, so Thomas's stipulation that he had prior convictions for

residential burglary and attempted murder proved that his possession of a firearm violated the armed habitual criminal statute. Defense counsel pursued the rational strategy of presenting Thomas's testimony to show that he never owned the gun and he never intended to assert control over the gun, but the trial court did not find Thomas's testimony credible. Because we find that defense counsel subjected the State's case to meaningful adversarial testimony, we hold that Thomas has failed to show that he received ineffective assistance of counsel. Following *Leonard*, *Bailey* and *Adams*, we hold that the armed habitual criminal statute does not violate the prohibition against *ex post facto* legislation. Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.