# Illinois Official Reports

## Appellate Court

---

### *People v. Polk*, 2014 IL App (1st) 122017

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LOVELL POLK, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-12-2017 |
| Filed | March 14, 2014 |
| Rehearing denied | June 26, 2014 |
| Supplemental opinion filed upon denial of rehearing | June 27, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | No impermissible double enhancement of defendant's sentence for unlawful use of a weapon by a felon occurred where defendant's prior conviction for unlawful use of a weapon was used to convict him of the current charge of unlawful use of a weapon and to elevate his current conviction to a Class 2 felony pursuant to section 24-1.1(e) of the Criminal Code, but the trial court was directed to correct the mittimus to strike the counts that were dismissed via *nolle prosequi* prior to trial; however, defendant's request to strike the word "use" from the mittimus was denied on the ground that "use" conformed to the language used in the statute defendant violated. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CR-12507; the Hon. Clayton J. Crane, Judge, presiding. |
| Judgment | Affirmed; mittimus corrected. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Kristen E. Mueller, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and John E. Nowak, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE PALMER delivered the judgment of the court, with opinion.

Justice McBride concurred in the judgment and opinion.

Presiding Justice Gordon dissented, with opinion.

Presiding Justice Gordon also dissented upon denial of rehearing, with opinion.

**OPINION**

¶ 1 Following a jury trial, defendant Lovell Polk was convicted of the Class 2 offense of unlawful use or possession of a weapon (UUW) by a felon (720 ILCS 5/24-1.1(a) (West 2010)) and he was sentenced to four years and six months in prison. On direct appeal to this court, defendant contends in his opening and supplemental briefs that (1) the sentence for his UUW by a felon conviction must be reduced from a Class 2 offense to a Class 3 offense as the State failed to notify him of its intent to seek an enhanced sentence; (2) he was subject to an improper double enhancement because the same prior felony conviction was used to prove an element of the UUW by a felon offense and to elevate it to a Class 2 felony; and (3) his mittimus must be corrected. For the reasons discussed below, we affirm defendant's conviction and sentence for the Class 2 offense of UUW by a felon, but order that the mittimus must be corrected to exclude reference to the two counts that were dismissed via *nolle prosequi* before jury selection.[1]

¶ 2 BACKGROUND

¶ 3 At trial, Chineetha Curtis testified that on July 25, 2011, she was working as a security agent for the Chicago Transit Authority (CTA) at the Homan and Congress Blue Line Station in the city of Chicago. Curtis stated that on that date, defendant approached her and told her that he had fought with a man and the man had taken his earrings. When he asked whether she knew who had been fighting earlier that day, Curtis responded that she did not know.

---

[1]We note that, in addition to the UUW by a felon charge, defendant was initially charged in the information with two counts of aggravated unlawful use of a weapon, which the State dismissed by *nolle prosequi* before jury selection.

Curtis testified that defendant then lifted his shirt, revealing a gun inside his waistband.[2] Curtis testified that defendant stated, "I'm going to bust a cap in his a***." Curtis returned to her kiosk in the station.

¶ 4 Curtis testified that as she approached her kiosk, two police officers were walking toward her kiosk. One of the officers walked toward defendant, who was standing in front of the station, and the other officer asked Curtis what was wrong. Curtis testified that she pointed at defendant and told the officer that he had a gun. The officer left and Curtis began to help a customer. Curtis testified that she then heard an officer yell "freeze"; she turned and saw defendant twist around and run away from the officers.

¶ 5 Chicago police officers James Norris and Michael Brosnan each testified that on July 25, 2011, they were in uniform and working special enforcement for the CTA at the Homan station. Brosnan testified that Curtis got his attention and told him that defendant had a gun in his waistband. Brosnan informed Norris of this and they then approached defendant. Brosnan testified that Norris put his hand on defendant's shoulder and asked defendant if he had anything on him that could hurt Norris. Brosnan testified that defendant then "spun around, reached into his pants pocket as he was crossing Homan Avenue, pulled out a silver automatic handgun and threw it to the ground." Brosnan was only five feet behind him at the time. Brosnan testified that they chased after defendant and he was apprehended about a block later.

¶ 6 Similarly, Norris testified that as he moved closer to defendant to perform a protective pat-down, defendant moved around him and ran west down Homan Avenue. Norris also testified that he told defendant to drop the gun, and defendant reached into his right pocket as he ran and dropped a gun in the street; it looked like the gun came from his right pocket or right waistband. Norris was chasing after defendant and was only about two feet behind him when this occurred. Norris recovered the gun, which was a silver-plated .380-caliber automatic pistol and continued to pursue defendant. Norris testified that he subsequently placed the gun, which did not contain any ammunition, in inventory.

¶ 7 In addition, Chicago police officer Hanrahan testified that he was driving an unmarked police car in the vicinity that day when Hanrahan observed defendant run across Homan Avenue with a uniformed police officer running after him. Hanrahan testified that he followed defendant in the police car until defendant stopped running due to fatigue. Defendant was arrested and taken to the station.

¶ 8 Before resting its case, the State submitted an agreed stipulation to the jury that defendant had previously been convicted of a felony. The defense then rested without presenting any evidence. The jury found defendant guilty of UUW by a felon.

¶ 9 At sentencing, the State argued that defendant had one prior conviction in 2006 for conspiracy to commit murder, for which he received a seven-year sentence. Defense counsel argued in mitigation that defendant was a good family man. In announcing defendant's sentence, the trial court stated that it had reviewed the presentence investigation and considered the presentation made by the defendant and "all statutory factors required of this Court for the sentencing." The trial court sentenced defendant to 4½ years' imprisonment, with credit for time served.

---

[2]Curtis identified the gun she saw on defendant as the gun that was admitted into evidence at trial.

¶ 10    Defendant's mittimus set forth his sentence of four years, six months for the offense of "720-5/24-1.1(a) FELON POSS/USE FIREARM PRIOR," and listed it as a Class 2 felony. The mittimus also reflected the credit for time served and provided that "counts 2 and 3 merge with count 1."

¶ 11    Defendant filed a motion to reconsider and vacate the judgment, which the trial court denied. Defendant also filed a motion to reconsider his sentence on grounds that the sentence was excessive given his background and the nature of the offense, but the trial court denied the motion on June 20, 2012. Defendant filed a notice of appeal the same day.

¶ 12                                    ANALYSIS

¶ 13    In his first argument on appeal, defendant asserts that pursuant to section 111-3(c) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/111-3(c) (West 2010)), the State was required to give notice in the charging instrument of its intent to seek an enhanced sentence, *i.e.*, that it was charging him with a Class 2 felony. According to defendant, the failure to do so requires that his conviction be reduced to a Class 3 conviction. In response, the State maintains that because defendant was charged and convicted of UUW by a felon expressly premised on a prior forcible felony (conspiracy to commit murder), he could receive only one class of sentence–a Class 2–and therefore a Class 3 sentence was unauthorized and the notice provision did not apply.

¶ 14    As an initial matter, this court recognizes that there is a split of authority in the First District regarding this issue. See generally *People v. Whalum*, 2012 IL App (1st) 110959, *pet. for leave to appeal pending*, No. 115582 (filed Jan. 28, 2013); *People v. Nowells*, 2013 IL App (1st) 113209, *pet. for leave to appeal pending*, No. 116839 (filed Oct. 31, 2013); *People v. Pryor*, 2013 IL App (1st) 121792, *pet. for leave to appeal pending*, No. 117276 (filed Jan. 31, 2014). We further note that this issue is currently under review by our supreme court. *People v. Easley*, 2012 IL App (1st) 110023, *appeal allowed*, No. 115581 (Ill. Mar. 27, 2013).

¶ 15    We also note that, in the present case, defendant concedes that he failed to preserve this issue for appellate review, but he argues that his claim of error is nevertheless reviewable because (1) his sentence is void and may be challenged at any time, (2) the error implicated his substantial rights and is thus subject to plain-error review, and/or (3) his counsel rendered ineffective assistance in failing to properly preserve the issue and defendant suffered prejudice as a result. "Where a defendant challenges his sentence as void, *** as defendant does here, we will review the sentencing issue even though it was not properly preserved for review because a void sentence can be corrected at any time." *Nowells*, 2013 IL App (1st) 113209, ¶ 18. Moreover, forfeited claims of sentencing error "may be reviewed for plain error," and the defendant has the burden of demonstrating " 'either that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing.' " *Id.* (quoting *People v. Hillier*, 237 Ill. 2d 539, 545 (2010)). Under plain-error review, we start by reviewing defendant's claim to determine whether any error occurred. *Id.* ¶ 20.

¶ 16    Additionally, this case requires that we interpret statutory language, which presents a question of law reviewed *de novo*. *People v. Harris*, 203 Ill. 2d 111, 116 (2003). We are mindful that "[i]t is the purview of the legislature to determine what is considered criminal conduct, to assign penalties for that conduct, and to enact statutory provisions which enhance

- 4 -

a criminal offense or enhance the applicable range of punishment for an offense. [Citation.] Although the trial court has discretion to impose a sentence, we review this issue *de novo* because it involves a question of law. [Citation.]" *Nowells*, 2013 IL App (1st) 113209, ¶ 21.

¶ 17    Turning to the statutory language involved in the case at bar, the UUW by a felon statute, section 24-1.1, sets forth the elements of the offense, along with the potential classifications and sentences:

> "(a) It is unlawful for a person to knowingly possess on or about his person or on his land or in his own abode or fixed place of business any weapon prohibited under Section 24-1 of this Act or any firearm or any firearm ammunition if the person has been convicted of a felony under the laws of this State or any other jurisdiction. This Section shall not apply if the person has been granted relief by the Director of the Department of State Police under Section 10 of the Firearm Owners Identification Card Act.
>
> * * *
>
> (e) Sentence. Violation of this Section by a person not confined in a penal institution shall be a Class 3 felony for which the person, *** shall be sentenced to no less than 2 years and no more than 10 years and any second or subsequent violation shall be a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 14 years. *Violation of this Section by a person not confined in a penal institution who has been convicted of a forcible felony, a felony violation of Article 24 of this Code or of the Firearm Owners Identification Card Act, stalking or aggravated stalking, or a Class 2 or greater felony under the Illinois Controlled Substances Act, the Cannabis Control Act, or the Methamphetamine Control and Community Protection Act is a Class 2 felony for which the person shall be sentenced to not less than 3 years and not more than 14 years.*" (Emphasis added.) 720 ILCS 5/24-1.1(a), (e) (West 2010).

¶ 18    Based on the above provision, in order to prove the offense of UUW by a felon the State must establish that a defendant "knowingly possessed a weapon or ammunition and that the defendant had previously been convicted of a felony." *Nowells*, 2013 IL App (1st) 113209, ¶ 22 (citing 720 ILCS 5/24-1.1(a) (West 2010)). Our court has recognized that the legislature, as reflected in the plain language of section 24-1.1, intended to prohibit convicted felons from possessing dangerous weapons. *Id.* (citing *People v. Kelly*, 347 Ill. App. 3d 163, 167 (2004)). Of particular relevance in the present case is the provision that a "[v]iolation of this Section by a person not confined in a penal institution who has been convicted of a forcible felony *** is a Class 2 felony." 720 ILCS 5/24-1.1(e) (West 2010). A "forcible felony" includes, among other crimes, "first degree murder, second degree murder, *** and any other felony which involves the use or threat of physical force or violence against any individual." 720 ILCS 5/2-8 (West 2010).

¶ 19    In addition, section 111-3 of the Code outlines the information required when instituting criminal charges and for seeking an enhanced sentence:

> "Form of charge.
>
>> (a) A charge shall be in writing and allege the commission of an offense by:
>>
>>> (1) Stating the name of the offense;
>>> (2) Citing the statutory provision alleged to have been violated;

(3) Setting forth the nature and elements of the offense charged;

(4) Stating the date and county of the offense as definitely as can be done; and

(5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty.

\* \* \*

(c) When the State seeks an enhanced sentence because of a prior conviction, the charge shall also state the intention to seek an enhanced sentence and shall state such prior conviction so as to give notice to the defendant. However, the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial. For the purposes of this Section, 'enhanced sentence' means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification of offense set forth in Section 5-4.5-10 of the Unified Code of Corrections (730 ILCS 5/5-4.5-10); it does not include an increase in the sentence applied within the same level of classification of offense." 725 ILCS 5/111-3(a), (c) (West 2010).

¶ 20    In interpreting this section, the Second Division of this court held in *People v. Whalum* that where the State charged the defendant with two counts of UUW by a felon, but did not state in the charging instrument what class conviction it sought, the State failed to provide the notice required by section 111-3(c) of the Code that it planned to seek to increase the classification of offense from a Class 3 to a Class 2. *Whalum*, 2012 IL App (1st) 110959, ¶ 37. Thus, the Second Division held that the defendant was consequently entitled to be resentenced for a Class 3 felony. *Id.*

¶ 21    Along similar lines, the defendant in *People v. Easley* was convicted of UUW by a felon premised on his prior felony conviction of UUW. *Easley*, 2012 IL App (1st) 110023, ¶ 16. The State gave the defendant notice of the prior offense upon which it relied, but did not state its intention to seek an enhanced sentence pursuant to the " 'any second or subsequent violation shall be a Class 2 felony' " language in section 24-1.1(e). *Id.* ¶ 21 (quoting 720 ILCS 5/24-1.1(e) (West 2008)). On the same day, the Second Division of this court again concluded that, pursuant to section 111-3(c), the State was required to give notice to the defendant that it intended to charge him with a Class 2 rather than a Class 3 offense, and therefore, it vacated his sentence and remanded for resentencing as a Class 3 offense. *Id.* See also *People v. Pryor*, 2013 IL App (1st) 121792, ¶ 42 (vacating the defendant's sentence and remanding for resentencing as a Class 3 felony where the State failed to state in the charging instrument that it intended to seek enhancement from a Class 3 to a Class 2).

¶ 22    On the other hand, the Fourth Division of this court, in addition to the dissent in the *People v. Pryor* case from the Fifth Division, disagreed with the Second Division's holdings in *Easley* and *Whalum* with respect to the interpretation and application of section 111-3(c) involving a UUW by a felon charge. See *Nowells*, 2013 IL App (1st) 113209, ¶ 28; *Pryor*, 2013 IL App (1st) 121792, ¶¶ 49-58 (Palmer, J., dissenting).

¶ 23    In *Nowells*, the Fourth Division held that there was no error in sentencing the defendant to a Class 2 sentence for his UUW by a felon conviction despite the defendant's contention that the State failed to provide proper notice. *Nowells*, 2013 IL App (1st) 113209, ¶ 30. The defendant was convicted of UUW by a felon and sentenced as a Class 2 offender. The

indictment for the UUW by a felon charge was premised on his prior felony conviction of delivery of a controlled substance. *Id.* ¶¶ 3, 27. Examining the language of the UUW by a felon statute, section 24-1.1(e), and section 111-3 of the Code, the *Nowells* court reasoned:

> "In looking at the language of this statute, it is clear to us that the section 111-3(c) notice provision with which defendant is concerned only applies when the prior conviction that would enhance the sentence is not already an element of the offense. Specifically, the language of the section 111-3(c) notice provision itself implies as much when it states 'the fact of such prior conviction and the State's intention to seek an enhanced sentence *are not elements of the offense* and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial.' (Emphasis added.) 725 ILCS 5/111-3(c) (West 2010). Therefore, notice is not necessary when the prior conviction is a required element of the offense, such that only one class of felony conviction is possible for that offense as alleged in the charging instrument." *Nowells*, 2013 IL App (1st) 113209, ¶ 26.

¶ 24　　The *Nowells* court therefore concluded that the notice provision in section 111-3(c) was not applicable "because the State did not seek to enhance defendant's sentence; as alleged in the indictment, defendant's Class 2 sentence was the *only* statutorily allowed sentence available in this situation." (Emphasis in original.) *Nowells*, 2013 IL App (1st) 113209, ¶ 27. In support, the court relied on the language of section 24-1.1(e) (720 ILCS 5/24-1.1(e) (West 2010) ("Violation of this section by a person *** who has been convicted of *** a Class 2 or greater felony under the Illinois Controlled Substances Act *** is a Class 2 felony ***.")) and cited the holding in *People v. Powell*, 2012 IL App (1st) 102363, ¶ 12 (concluding the trial court did not impermissibly enhance the defendant's penalty for his UUW by a felon conviction because the legislature, in enacting section 24-1.1(e), determined that he committed a Class 2 felony and established a special penalty range). *Nowells*, 2013 IL App (1st) 113209, ¶ 27. The *Nowells* court found no error because "the record establishes that a Class 2 sentence was the only possible sentence classification defendant could have received after having been charged with the crime of UUW by a felon specifically premised on his prior Class 2 felony drug conviction." *Id.* ¶ 30.

¶ 25　　This court finds that the reasoning in *Nowells* and the dissent in *Pryor* to be more persuasive on this issue. In the case of UUW by a felon, the prior conviction is not an enhancement; it is an element of the offense. Therefore, it defines the offense and establishes its class. As noted in another recent case from our Second Division, "Illinois law has long held that, in prosecutions for the offense of UUW by felon, the prior felony conviction is an element of the offense which must be proven beyond a reasonable doubt by the State before the jury in its case in chief." *People v. McFadden*, 2014 IL App (1st) 102939, ¶ 42 (citing *People v. Walker*, 211 Ill. 2d 317 (2004), for its holding that having a "prior felony conviction is an element of the offense of our UUW by [a] felon statute and adopting the reasoning of *Old Chief v. United States*, 519 U.S. 172 (1997)").

¶ 26　　Defendant fails to account for the underlying logic of *Old Chief*, adopted by our supreme court in *Walker*. As explained by the dissent in *Pryor*:

> "*Old Chief* and *Walker* held that, in situations where a prior felony conviction was an element of the offense and had to be proven before a jury, it was error not to accept a defendant's offer to stipulate before the jury as to the fact of the conviction. *Walker*, 211 Ill. 2d at 338, 341 (citing *Old Chief*, 519 U.S. 172). This was done to

- 7 -

lessen the prejudicial impact of telling the jury about the nature of the prior felony while at the same time informing the jury of its existence. *Walker*, 211 Ill. 2d at 341 (citing *Old Chief*, 519 U.S. 172). If the above-cited provision of section 111-3(c) applied to UUW by felon prosecutions whereby 'the fact of such prior conviction *** are not elements of the offense and may not be disclosed to the jury during trial' (725 ILCS 5/111-3(c) (West 2010)), then the *Walker* decision adopting *Old Chief* was a wholly unnecessary exercise. That, of course, is not the case. Those cases were decided because our statute provides that the fact of the prior felony conviction is an element of the offense that must be proven before the jury. As section 111-3(c) provides that 'the fact of such prior conviction *** are not elements of the offense and may not be disclosed to the jury during trial,' these statutory provisions are incompatible." *People v. Pryor*, 2013 IL App (1st) 121792, ¶ 56 (Palmer, J., dissenting).

¶ 27    Based on our above analysis, we conclude that section 111-3(c) does not apply to UUW by a felon in this case. Turning to the charging document in the case at hand, we note that count I of the information alleged that on July 25, 2011, in Cook County, defendant committed the offense of:

> "UNLAWFUL USE OR POSSESSION OF A WEAPON BY A FELON
>
> In that HE, KNOWINGLY POSSESSED ON OR ABOUT HIS PERSON ANY FIREARM, AFTER HAVING BEEN PREVIOUSLY CONVICTED OF THE FELONY OFFENSE OF CONSPIRACY TO COMMIT MURDER, UNDER CASE NUMBER 04CR2953202,
>
> IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 24-1.1(a) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED ***."

¶ 28    The record reflects that the charging instrument complied with section 111-3(a) of the Code. Defendant was provided with notice of the nature of the prior conviction upon which the UUW by a felon charge was predicated, in addition to the name of the charged offense, the statutory citation of the offense, the nature and elements of the charged offense, the date and county of the offense, and the name of the accused. We also note that the information indictment return sheet listed the UUW by a felon charge as a Class 2 felony.[3] Moreover, defendant does not argue that he was unaware of what prior felony was serving as the basis for his UUW charge. Conspiracy to commit murder qualifies as a forcible felony. 720 ILCS 5/2-8 (West 2010). Accordingly, the charge of UUW by a felon could only be a Class 2 felony. 720 ILCS 5/24-1.1(e) (West 2010).

¶ 29    As the *Nowells* court held, the notice provision in section 111-3(c) was not applicable here "because the State did not seek to enhance defendant's sentence; as alleged in the indictment, defendant's Class 2 sentence was the *only* statutorily allowed sentence available in this situation." (Emphasis in original.) *Nowells*, 2013 IL App (1st) 113209, ¶ 27. Thus, in arguing that he should be resentenced for a Class 3 offense, defendant essentially asks this court to reduce his sentence to one that is not authorized by the legislature. We decline to do so. Because the sentence imposed by the trial court was proper, we conclude that no error

---

[3]At trial, defendant stipulated that he had previously been convicted of a felony; the nature of the felony was not disclosed to the jury, but outside the jury's presence the court and the parties discussed the fact that it was a conviction for conspiracy to commit murder.

occurred, and defendant's sentence is not void. *Nowells*, 2013 IL App (1st) 113209, ¶ 30. Nor did defendant receive ineffective assistance of counsel, as counsel was not obligated to advance meritless arguments. *People v. Ivy*, 313 Ill. App. 3d 1011, 1018 (2000).

¶ 30    Defendant contends in his supplemental briefing that he was subjected to an improper double enhancement because the same prior felony conviction was used to prove an element of the UUW by a felon offense and to elevate it to a Class 2 felony.[4] Defendant again concedes that this claim of error was not properly preserved below, but urges this court's review under the plain-error doctrine. *Nowells*, 2013 IL App (1st) 113209, ¶¶ 18-20; *Hillier*, 237 Ill. 2d at 545. See *People v. Powell*, 2012 IL App (1st) 102363, ¶ 7 (deciding to review the defendant's forfeited claim of improper double enhancement in sentencing under the plain-error rubric).

¶ 31    According to the general prohibition against double enhancement, "[a] single factor cannot be used both as an element of an offense and as a basis for imposing a sentence harsher than might otherwise have been imposed." *People v. Powell*, 2012 IL App (1st) 102363, ¶ 8 (citing *People v. Phelps*, 211 Ill. 2d 1, 11-12 (2004)). "The prohibition against double enhancements is based on the assumption that, in designating the appropriate range of punishment for a criminal offense, the legislature necessarily considered the factors inherent in the offense." *Phelps*, 211 Ill. 2d at 12. However, an exception to this general rule arises where "the legislature clearly intends to enhance the penalty based upon some aspect of the crime and that intention is clearly expressed." *Powell*, 2012 IL App (1st) 102363, ¶ 8 (citing *Phelps*, 211 Ill. 2d at 12). The best evidence of such an intention is gleaned from the text of the statute itself. *Id.* As the rule against double enhancement "is one of statutory construction," we review this issue *de novo*. *Phelps*, 211 Ill. 2d at 12.

¶ 32    Defendant is correct in asserting that a single factor cannot be used both as an element of an offense and as a basis for imposing a sentence harsher than might otherwise have been imposed, as it would constitute a double enhancement. *Powell*, 2012 IL App (1st) 102363, ¶ 8. However, we find that, based on the clear language of section 24-1.1(e), the legislature explicitly stated its intention to enhance the penalty based on some aspect of the offense. As previously set forth, section 24-1.1(e) provides in relevant part that a "[v]iolation of this Section by a person not confined in a penal institution who has been convicted of a forcible felony *** is a Class 2 felony." 720 ILCS 5/24-1.1(e) (West 2010). Accordingly, given this clear directive, we find that this created an exception to the prohibition against double enhancement. *Powell*, 2012 IL App (1st) 102363, ¶¶ 11-17. We agree with the reasoning in *Powell* that no impermissible double enhancement occurs when the legislature clearly intends, as it did here, to enhance the penalty based upon some aspect of the crime and that intention is clearly expressed. *Id*. See also *Easley*, 2012 IL App (1st) 110023, ¶¶ 16-22 (finding that the defendant's sentence did not constitute an improper double enhancement where the defendant's prior conviction of UUW was used to convict him of the current UUW offense and also to elevate his current UUW conviction to a Class 2 felony pursuant to section 24-1.1(e) as a "second or subsequent violation"). Accordingly, we conclude that no improper double enhancement occurred in this case.

---

[4]We note that this argument must be considered to be in the alternative, as the premise of defendant's first argument is that the prior felony is not an element of the crime, where here defendant claims exactly the opposite is the case.

¶ 33    Defendant also argues on appeal that his mittimus should be corrected to strike the language merging the counts into his conviction that were dismissed prior to trial, and to strike the term "use" from the name of the offense in the mittimus. The State agrees that the language "counts 2 and 3 to merge with count 1" should be stricken from the mittimus because they were dismissed via *nolle prosequi* before jury selection. Accordingly, we direct the clerk of the circuit court of Cook County to correct the mittimus by removing mention of those counts. See *People v. Harper*, 387 Ill. App. 3d 240, 244 (2008) (indicating that this court has the authority to correct the mittimus at any time without remanding the matter to the trial court). However, we deny defendant's request to strike the word "use" from the mittimus, as this term was correctly included.[5] Defendant was tried and convicted for violation of section 24-1.1(a); the offense defined in that section is entitled, "Unlawful Use or Possession of Weapons by Felons or Persons in the Custody of the Department of Corrections Facilities." 720 ILCS 5/24-1.1(e) (West 2010). Given that the language used to denote defendant's UUW by a felon conviction adheres to the title of the statute itself, it was correct to allow the mittimus to be labeled with this same term.

¶ 34                                    CONCLUSION

¶ 35    For the reasons stated above, the judgment of the circuit court of Cook County is affirmed. We order that defendant's mittimus be corrected as directed.

¶ 36    Affirmed; mittimus corrected.

¶ 37    PRESIDING JUSTICE GORDON, dissenting.

¶ 38    I must respectfully dissent from the majority's holding, which concludes that defendant was properly convicted of the Class 2 form of the UUW offense rather than the Class 3 form of the offense, because the State failed to give him notice that it was seeking to charge him with an enhanced Class 2 form of the UUW offense, as required by section 111-3(c) of the Code of Criminal Procedure (725 ILCS 5/111-3(c) (West 2010)).

¶ 39    The majority reaches this holding by suggesting that an opinion that I recently authored, *People v. Pryor*, 2013 IL App (1st) 121792, was wrongly decided. In *Pryor*, Justice Taylor concurred with the opinion that I authored and Justice Palmer dissented. In today's opinion, Justice Palmer, as the author, together with Justice McBride constitute the majority.

¶ 40    The majority's opinion acknowledges that there is a split in authority among the appellate courts on this issue and that our supreme court has already accepted this issue for review. For the reasons that I already stated in the *Pryor* opinion, which I authored just a few months ago, I dissent here.

¶ 41         SUPPLEMENTAL OPINION UPON DENIAL OF REHEARING

¶ 42    In a petition for rehearing, defendant claims that his prior conviction of conspiracy to commit murder did not constitute a forcible felony for purposes of section 24-1.1(e) and section 2-8 (720 ILCS 5/24-1.1(e), 2-8 (West 2010)), and that this court failed to address this

---

[5]The name of the offense in the mittimus is listed as "FELON POSS/USE FIREARM PRIOR."

argument in our opinion. However, the issue of whether conspiracy to commit murder is a forcible felony has been waived or forfeited for multiple reasons.

¶ 43    First, defendant failed to take the necessary steps in the trial court to properly preserve this issue. "It is well settled that, to preserve a claim of sentencing error, both a contemporaneous objection and a written postsentencing motion raising the issue are required." *People v. Hillier*, 237 Ill. 2d 539, 544 (2010) (citing *People v. Bannister*, 232 Ill. 2d 52, 76 (2008)). See also 730 ILCS 5/5-4.5-50(d) (West 2010) ("A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed with the circuit court clerk within 30 days following the imposition of sentence."). In *Hillier*, for example, the court held that the defendant forfeited his contention on appeal that the trial court erred in ordering a sex offender evaluation as part of the presentence investigation and in relying on the evaluation at sentencing because the defendant failed to object at sentencing or raise the issue in a postsentencing motion. *Hillier*, 237 Ill. 2d at 544-45. See also *People v. Nieves*, 192 Ill. 2d 487, 502-03 (2000) (finding that the defendant waived his argument on appeal that his constitutional right to a fair death penalty sentencing hearing was violated by the introduction of hearsay evidence where he failed to object in the trial court). In the present case, defendant never objected to this purported error at trial or sentencing or in a motion to reconsider the sentence.[6] Thus, defendant's failure to do so constituted a procedural default of this issue. *Hillier*, 237 Ill. 2d at 545.

¶ 44    We further note that any suggestion that defendant did not know or was not provided with notice that the UUW by a felon offense was a Class 2 felony, and that he therefore could not have timely raised this issue in the trial court, is inconsistent with the common law record in this case. The indictment return sheet contained in the common law record provided notice to defendant because it listed the UUW by a felon offense as a Class 2 offense. The indictment listed his prior felony of conspiracy to commit murder. Additionally, the sentencing order, which was issued on the date of sentencing on June 20, 2012, specifically listed his UUW by a felon conviction as a Class 2 felony. Given these facts, it was incumbent upon defendant to raise this claim of error before the trial court. Certainly after issuance of his sentence, he was required to raise this claim in a postsentence motion. Failure to do so results in forfeiture.

¶ 45    In addition, any reliance on *People v. Carmichael*, 343 Ill. App. 3d 855 (2003), to argue that sentencing issues are exempt from forfeiture must fail when considered in light of our supreme court's guidance regarding the doctrine of forfeiture and plain error. Two of the most important functions of an appellate court are to determine our jurisdiction and make certain that issues have not been forfeited. *People v. Smith*, 228 Ill. 2d 95, 106 (2008). For instance, as stated, our supreme court held in both *Hillier* and *Nieves* that the defendants forfeited review of their purported sentencing errors by failing to object at sentencing or raise the alleged errors in a postsentencing motion to reconsider. *Hillier*, 237 Ill. 2d at 544-45; *Nieves*, 192 Ill. 2d at 502-03.

¶ 46    Our supreme court further has instructed that, where a defendant forfeits an issue on appeal by failing to properly preserve it in the trial court, appellate review of the issue under

---

[6]While defendant filed a motion to reconsider sentence, the only argument he raised was that the sentence was excessive in light of his background and the nature of his participation in the offense.

the plain-error rubric is likewise forfeited unless the defendant specifically sets forth on appeal the grounds establishing plain error. *Hillier*, 237 Ill. 2d at 545-46; *Nieves*, 192 Ill. 2d at 502-03. The plain-error doctrine provides a "narrow and limited exception" to forfeiture and requires that the defendant show that "a clear or obvious error occurred." *Hillier*, 237 Ill. 2d at 545.

> "In the sentencing context, a defendant must then show either that (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing. [Citation.] Under both prongs of the plain-error doctrine, the defendant has the burden of persuasion. [Citations.] If the defendant fails to meet his burden, the procedural default will be honored. [Citation.]" *Hillier*, 237 Ill. 2d at 545.

¶ 47    In *Hillier*, our supreme court held that the defendant failed to meet his burden of establishing plain error because he did not argue for plain-error review. *Hillier*, 237 Ill. 2d at 545-46. "A defendant who fails to argue for plain-error review obviously cannot meet his burden of persuasion. As we explained in *People v. Nieves*, 192 Ill. 2d 487, 502-03 (2000), when a defendant fails to present an argument on how either of the two prongs of the plain-error doctrine is satisfied, he forfeits plain-error review." *Hillier*, 237 Ill. 2d at 545-46. See also *Nieves*, 192 Ill. 2d at 503 (finding that the defendant waived his plain-error argument where his argument merely consisted of "a single sentence asking us to employ the plain error rule because the right to a fair death penalty sentencing hearing is a fundamental right").

¶ 48    With this in mind, in order for this court to properly consider defendant's contention that conspiracy to commit murder did not constitute a forcible felony, defendant must argue that plain error occurred, and that argument must also be sufficiently developed or it is also forfeited. *Hillier*, 237 Ill. 2d at 545-46; *Nieves*, 192 Ill. 2d at 502-03. At no point, however, did defendant set forth, let alone develop, any argument that his forfeiture should be excused by plain error. By failing to argue for plain-error review, defendant "obviously cannot meet his burden of persuasion" under the plain-error doctrine. *Hillier*, 237 Ill. 2d at 545-46. Accordingly, any plain-error argument has also been forfeited.

¶ 49    Finally, we conclude that defendant has introduced a third layer of forfeiture with respect to this issue because he raised it for the first time in his reply brief. Defendant failed to raise or argue it in his opening brief or supplemental brief on appeal. "According to Rule 341(h)(7), points not argued in the appellant's brief 'are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.' " *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 23 (quoting Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013)). Our supreme court "has repeatedly held an appellant's failure to argue a point in the opening brief results in forfeiture under Supreme Court Rule 341(h)(7)." *Id.* We are also mindful that "all of the Illinois Supreme Court rules are mandatory rules of procedure, not mere suggestions." *People v. Garstecki*, 382 Ill. App. 3d 802, 811 (2008). Defendant, therefore, has forfeited his claim that his prior conviction of conspiracy to commit murder did not constitute a forcible felony in the first instance for failure to present it to the trial court at the time of sentencing or in a motion to reconsider, and in the second instance by failing to argue for plain-error review, and, lastly, in the third instance for raising it for the first time on appeal in his reply brief.

¶ 50        Any suggestion that defendant should not be constrained by Rule 341(h)(7) because the issue was first mentioned in the State's response brief is misguided. As previously discussed, the common law record reveals that defendant was on notice that the UUW by a felon offense was a Class 2 offense. It was indicated as such in the indictment return sheet and on his sentencing order. As set forth in our initial opinion and as the dissent notes, the fact that defendant had a prior conviction of conspiracy to commit murder was noted at the sentencing hearing, and the charging instrument indicated that the prior felony conviction relied upon was conspiracy to commit murder. And we have also previously stated that the UUW by a felon statute specifically authorizes only four ways in which the UUW by a felon offense becomes a Class 2 offense based on a prior felony, with one of the four provided options being a prior conviction of a forcible felony, as is the case here.

> "Violation of this Section by a person not confined in a penal institution who has been convicted of a forcible felony, a felony violation of Article 24 of this Code or of the Firearm Owners Identification Card Act, stalking or aggravated stalking, or a Class 2 or greater felony under the Illinois Controlled Substances Act, the Cannabis Control Act, or the Methamphetamine Control and Community Protection Act is a Class 2 felony for which the person shall be sentenced to not less than 3 years and not more than 14 years." 720 ILCS 5/24-1.1(e) (West 2010).

¶ 51        Once defendant came before the reviewing court, bearing in mind that he was on notice that he was convicted of a Class 2 offense, it was incumbent upon him to raise in his opening brief the issue of whether his prior conviction of conspiracy to commit murder constituted a prior conviction listed in section 24-1.1(e) that would define his offense as a Class 2 felony. Failure to do so constituted forfeiture under Rule 341.[7] Additionally, in defendant's opening brief, he acknowledged that he was sentenced for a Class 2 offense. However, other than raising his claim under section 111-3(c), defendant failed to allege that his conviction did not satisfy any of the requirements of the statute to qualify as a Class 2 offense until his reply. As a result of failing to raise that claim at the outset, it was forfeited pursuant to the rule.

¶ 52        Forfeiture aside, we find unpersuasive defendant's citation of *Carmichael*, 343 Ill. App. 3d 855, to support his contention that conspiracy to commit murder did not constitute a forcible felony. In *Carmichael*, the court held that the offense of armed violence was not a crime inherently involving the use or threat of physical force or violence, and therefore not a forcible felony for purposes of UUW by a felon and section 2-8 (720 ILCS 5/2-8 (West 2000)). *Carmichael*, 343 Ill. App. 3d at 861. The court reasoned that armed violence could be committed by merely possessing a firearm while in the possession of a controlled substance, a situation which was not inherently violent. *Id.* Relying on the supreme court case *People v. Golson*, 32 Ill. 2d 398 (1965), which involved the felony murder rule in the context of a conspiracy to commit theft from the United States mails during which two postal inspectors were killed, the *Carmichael* court observed that the test for determining whether a felony constituted a forcible felony under the felony murder rule " ' "is not whether the felony is normally classified as non-violent, but is whether, under the facts of a particular case, *it is*

---

        [7]We additionally note that defendant does not argue that his sentence was void. "A void order can be attacked at any time" and "[a] sentence not authorized by statute is void." *Hillier*, 237 Ill. 2d at 546-47. However, defendant's 4½-year sentence was well within the statutory range for his Class 2 felony of UUW by a felon. 720 ILCS 5/24-1.1(e) (West 2010).

*contemplated that violence might be necessary* to enable the conspirators to carry out their common purpose." ' " (Emphasis in original.) *Carmichael*, 343 Ill. App. 3d at 860 (quoting *People v. Belk*, 203 Ill. 2d 187, 193-94 (2003), quoting *Golson*, 32 Ill. 2d at 407-08). Similarly, the supreme court in *Belk*, in finding that the defendant's commission of aggravated possession of a stolen motor vehicle did not qualify as a forcible felony for purposes of the felony murder rule, explained that "[i]t is the contemplation that force or violence against an individual might be involved combined with the implied willingness to use force or violence against an individual that makes a felony a forcible felony under the residual category of section 2-8." *Belk*, 203 Ill. 2d at 196.

¶ 53    In contrast to *Carmichael*, *Golson*, and *Belk*, the present case involved conspiracy to commit *murder*, that is, conspiracy to commit one of the specifically enumerated forcible felonies under section 2-8. It did not involve a nonforcible felony like theft of United States mails or aggravated possession of a stolen vehicle. For that reason, it is even more logical to conclude that conspiracy to commit murder involved the contemplation of force or violence against an individual and that such force or violence would be necessary to carry out the crime of murder. Also helpful to our analysis is this court's decision in *People v. Thomas*, where we held that every attempted murder constituted a forcible felony for purposes of the armed habitual criminal statute, which also utilizes the definition of forcible felony from section 2-8, because "every attempted murder involves a specific intent to cause death," and one who commits attempted murder "contemplated the use of sufficient force to cause very serious injury, injury that can lead to death." *People v. Thomas*, 407 Ill. App. 3d 136, 140 (2011). The *Thomas* court also concluded that the definition of forcible felony in section 2-8 "does not require the actual infliction of physical injury; instead, the statute requires only the 'use or threat of physical force or violence.' " *Id.* (quoting 720 ILCS 5/2-8 (West 2006)). This court recognized that our supreme court "has explained that a felony involves the threat of physical force or violence if the felon 'contemplated that violence might be necessary' to carry out the crime." *Id.* (quoting *Belk*, 203 Ill. 2d at 194).

¶ 54    Taking into consideration our decision in *Thomas* and the particular circumstances in the present case, we are unwilling to extend the reasoning in *Carmichael*, and the cases cited therein, to the offense of conspiracy to commit murder, which is, as stated, synonymous with conspiracy to commit an enumerated forcible felony. We find that the offense of conspiracy to commit murder necessarily contemplates that violence would be necessary to enable the conspirators to carry out their common purpose, *i.e.*, murder, and it is wholly irrelevant whether the object of the conspiracy was ever completed or attempted.

¶ 55    Lastly, we note that, after we issued our original opinion in this matter, the Illinois Supreme Court in *People v. Easley* confirmed our determination in this case that the notice provision in section 111-3(c) (725 ILCS 5/111-3(c) (West 2010)) does not apply to UUW by a felon, and that no improper double enhancement occurs when a defendant's prior conviction is used as an element (as opposed to an enhancement) of the offense of Class 2 UUW by a felon. *People v. Easley*, 2014 IL 115581, ¶¶ 22-26, 30.

¶ 56    We reject any argument that *Easley* does not apply to the case at bar because this case involved an unenumerated felony under section 2-8, which defines a "forcible felony" as "first degree murder, second degree murder, *** and any other felony which involves the use or threat of physical force or violence against any individual." 720 ILCS 5/2-8 (West 2010). We find no support in *Easley* for the contention that unenumerated felonies are to be

considered any differently than enumerated felonies for purposes of UUW by a felon (720 ILCS 5/24-1.1(e) (West 2010)) and section 111-3(c) (725 ILCS 5/111-3(c) (West 2010)). Such an argument ignores the core holding of *Easley* that section 111-3(c) does not apply when the underlying felony is an element of the offense. Since the prior felony is an element of the offense of Class 2 UUW by a felon, section 111-3(c) does not apply, regardless of whether the prior felony was enumerated or unenumerated under section 2-8.

¶ 57    Lastly, the mere fact that notice to enhance was provided for the other two counts of aggravated unlawful use of a weapon (AUUW), but not for the UUW by a felon charge, is of no import. The supreme court's holding in *Easley* confirmed our position that the counts alleging AUUW required a notice to enhance under section 111-3(c), but no such notice was required in the case of UUW by a felon. Therefore, the State simply followed the law in giving notice where it had to, and not giving notice where no notice was required. No negative inference should arise by simply following the law.

¶ 58            SEPARATE OPINION UPON DENIAL OF REHEARING
¶ 59    PRESIDING JUSTICE GORDON, dissenting.
¶ 60    The majority holds that defendant waived the issue of whether the State's evidence was sufficient to prove his prior commission of a forcible felony. I must respectfully dissent since, first, a defendant does not waive a claim of insufficient evidence by not raising it below; second, this court previously considered this exact same issue of waiver and ruled the other way; and last but not least, waiver is a limit on the parties, not on the court.

¶ 61    In its opinion filed March 14, 2014, the majority held that conviction of a forcible felony, requiring imposition of a Class 2 sentence, was an element of the offense. *Supra* ¶ 25. In his petition for rehearing, defendant argued that the majority failed to consider an issue which he had raised in his original briefs, namely, that the State failed to prove that his acts in conspiring to commit murder constituted a forcible felony. In its supplemental opinion, the majority tacitly acknowledges that it did not address this issue in its prior opinion, but it now holds that defendant waived this issue by not raising it in a postsentencing motion. However, a claim of insufficient evidence is not waived, even if it is not contained in a posttrial motion. *People v. Woods*, 214 Ill. 2d 455, 470 (2005) ("when a defendant makes a challenge to the sufficiency of the evidence, his or her claim is not subject to the waiver rule and may be raised for the first time on direct appeal"). Thus, this claim, that the State failed to prove an element of the offense, is not waived for our consideration on appeal.

¶ 62    Second, the procedural facts in the case at bar are exactly the same as the procedural facts in *Carmichael*, where this court previously held that the waiver rule was not a bar to consideration of this exact same issue on appeal. *People v. Carmichael*, 343 Ill. App. 3d 855, 859 (2003). The majority, however, finds that Justice Hoffman's well-reasoned opinion in *Carmichael* is not persuasive. *Supra* ¶ 45. I must respectfully disagree.

¶ 63    In *Carmichael*, as in our case, the defendant was charged with unlawful use of a weapon by a felon. *Carmichael*, 343 Ill. App. 3d at 858. In *Carmichael*, as in our case, a prior conviction was used to prove that the defendant's offense was a Class 2 rather than a Class 3 offense, and the defendant argued on appeal that the State had failed to prove that his prior conviction constituted a forcible felony. *Carmichael*, 343 Ill. App. 3d at 857-59. In *Carmichael*, as in our case, the prior offense was not on the statute's enumerated list of forcible felonies, and "[t]he State did not, either at trial or the sentencing hearing, introduce

- 15 -

any evidence regarding the circumstances surrounding that prior conviction." *Carmichael*, 343 Ill. App. 3d at 858. In *Carmichael*, as in our case, "the [trial] court never made an explicit finding that the defendant's prior *** conviction constituted a forcible felony," but it did enter an order identifying defendant's conviction as a Class 2 felony. *Carmichael*, 343 Ill. App. 3d at 858. As this description shows, the procedural facts in *Carmichael* are identical to those in our case.

¶ 64 In *Carmichael*, as in our case, the State argued "that the defendant has waived review of the contention that his prior *** conviction does not constitute a forcible felony by failing to raise it at trial or in a posttrial motion." *Carmichael*, 343 Ill. App. 3d at 859. In *Carmichael*, this court rejected this argument, holding: "sentencing issues are excepted from the doctrine of waiver when they affect a defendant's substantial rights." *Carmichael*, 343 Ill. App. 3d at 859. Thus, as this court previously did in *Carmichael*, I would reject this exact same waiver argument.

¶ 65 Third, waiver is a limit on the parties but not on the court. *Carmichael*, 343 Ill. App. 3d at 859. Despite waiver, this court may address an issue in order to carry out its responsibility to reach a just result. *Carmichael*, 343 Ill. App. 3d at 859.

¶ 66 In sum, I find that the issue was not waived in the trial court because, first, a defendant does not waive a sufficiency claim by failing to raise it in the trial court; second, this court previously considered this exact same waiver argument made by the State and rejected it; and third, waiver is not a limit on the court.

¶ 67 The majority next holds that defendant waived this issue in the appellate court by raising it first in his reply brief. *Supra* ¶ 49. As I observed in my prior dissent, some arguments are properly raised for the first time in the reply brief because they are simply a response to arguments raised by the State in its brief. For example, a defendant is not required to discuss plain error in his opening brief. Once the State raises the issue of waiver in its brief, the subject of plain-error review is then properly raised for the first time in the reply brief. *People v. Ramsey*, 239 Ill. 2d 342, 412 (2010) (citing *People v. Williams*, 193 Ill. 2d 306, 347-48 (2000)).

¶ 68 Similarly, in the case at bar, defendant in his opening brief observed that, at sentencing, there was no discussion concerning the class of offense and the State "simply noted in aggravation that Polk had a prior conviction for conspiracy to commit murder and he was not extendable based upon the prior conviction." Defendant quoted the statute which required the State to identify which conviction it was basing an enhancement on, which the State did not do. The State then responded in its brief that no discussion was needed, because his offense was "expressly based on a prior forcible felony." Defendant, in turn, responded in his reply brief that "the State argues for the first time that Mr. Polk's conviction should be a Class 2 offense because his prior conviction was a forcible felony." The purpose of a reply brief is to reply to arguments raised in the response brief, and that is what was done here. Ill. S. Ct. R. 341(j) (eff. Feb. 6, 2013) (the reply brief is for "replying to arguments presented in the brief of the appellee"). Thus, the issue was not waived for our review. See also *People v. Carmichael*, 343 Ill. App. 3d 855, 859 (2003) ("sentencing issues are excepted from the doctrine of waiver when they affect a defendant's substantial rights" and "[w]e find that the defendant's contention that the offense of which he was convicted was improperly enhanced from a Class 3 felony to a Class 2 felony implicates substantial rights justifying review of the issue").

¶ 69    The majority holds that defendant should have anticipated that the State would argue on appeal that the entry on the mittimus of a Class 2 offense was justified because the prior offense was a forcible felony. *Supra* ¶¶ 50-51. First, there is no anticipatory-argument rule in the appellate court, and with good reason. A party is under no obligation to alert the other side to arguments that it might otherwise waive.

¶ 70    Second, the majority overlooks the fact that defendant's prior conviction was in 2006 and he received a seven-year sentence. The instant offense occurred in 2011, only five years later. The statute provides: "Violation of this Section by a person who is on parole or mandatory supervised release is a Class 2 felony ***." 720 ILCS 5/24-1.1 (West 2012). Given the dates of the prior and current offenses and the length of the prior sentence, there is no reason that defendant should have guessed that, on appeal, the State would attempt to justify the Class 2 offense based solely on the argument that the prior offense was a forcible felony. Thus, defendant did not waive this argument by raising it in his reply brief because it was simply a response to the State's brief.

¶ 71    Last but not least, the majority holds that, even if the argument was not waived, the State satisfied its burden of proof without any facts.[8] I cannot concur with this conclusion.

¶ 72    The majority concludes–without any facts concerning the prior conspiracy conviction–that it was a "felony which involves the use or threat of physical force or violence against any individual." 720 ILCS 5/2-8 (West 2010). Our legislature provided a specific list of felonies that qualify as forcible felonies, and conspiracy is not on the list. 720 ILCS 5/2-8 (West 2010). When a felony is not on the enumerated list of forcible felonies, an appellate court must consider "the circumstances surrounding the commission of that particular offense" and decide whether "the defendant contemplated that the use or threat of force or violence might be necessary to carry out the offense" of which he was convicted. *People v. Carmichael*, 343 Ill. App. 3d 855, 861 (2003). Although the prior offense was a conspiracy to commit murder, there is no evidence in the record that the conspiracy was completed or even attempted. The offense itself was the agreement plus one act in furtherance of that agreement (720 ILCS 5/8-2 (West 2010)), and there is no evidence in the record before us that the act at issue involved the use or threat of physical force. An agreement is simply not "an inherently violent offense." *Carmichael*, 343 Ill. App. 3d at 861. The State had the burden to show facts, and it failed to satisfy its burden.

¶ 73    In addition, I must dissent because the *Easley* case recently decided by our supreme court is not dispositive of this case, as the supplemental opinion concludes. First, the *Easley* case did not involve, as this case does, an unenumerated forcible felony as the basis for increasing the class of offense. As a result, the increase in *Easley* was automatic. *Easley*, 2014 IL 115581, ¶ 19 ("only one class of felony conviction [was] possible"). Second, the *Easley* case involved no notice at all. By contrast, in the case at bar, the State provided notice of its intent to seek an enhanced sentence on counts I and II, but affirmatively chose not to provide notice for the third count in the same information. Defendant then reasonably believed that no enhancement would apply to this third count. Where the State provides notice for some

---

[8]The majority states that defendant did not ask, in the alternative, for plain-error review, when defendant did, in fact, ask for it in the alternative in his initial brief. *Supra* ¶ 48. However, the plain-error doctrine does not apply to a sufficiency claim (Woods, 214 Ill. 2d at 470), and the majority correctly does not apply it when examining defendant's substantive argument. *Supra* ¶ 52.

counts but not for others in the same information, that conduct has the opposite effect of the "notice" envisioned by the statute. Instead of providing the kind of real information that a notice is supposed to deliver, a defendant is left simply confused or, at worst, affirmatively misinformed.

¶ 74     In the case at bar, no class of offense was mentioned at sentencing; the notice previously given by the State mentioned every offense but this one; no basis for increasing the class of offense was identified at sentencing; and the basis identified by the State for the first time on appeal is questionable as a forcible felony. If defendant had received notice at any point along the way, then he could have challenged the conclusion *in the trial court* that this was a forcible felony and the State would have had to provide what is lacking here: facts.

¶ 75     For the foregoing reasons, I must respectfully dissent from the supplemental opinion, and I would remand for resentencing to make the State comply with the law as made and provided.