2016 IL App (1st) 141381

THIRD DIVISION
April 20, 2016

No. 1-14-1381

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County, Illinois. |
| | ) | |
| v. | ) | No. 12 CR 18597 |
| | ) | |
| NICHOLAS SANDERSON, | ) | Honorable |
| | ) | Evelyn B. Clay, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE MASON delivered the judgment of the court, with opinion.
Justices Fitzgerald Smith and Pucinski concurred in the judgment and opinion.

**OPINION**

¶ 1     The offense of armed habitual criminal requires the State to prove that a defendant

possessed a firearm after having been convicted of two or more forcible felonies or other

enumerated offenses.  Defendant Nicholas Sanderson's conviction for being an armed habitual

criminal was predicated on prior convictions for aggravated unlawful use of a weapon (AUUW)

and attempted residential burglary.  Sanderson contends that attempted residential burglary is not

a "forcible felony" as defined in the Criminal Code of 2012 (Code) (720 ILCS 5/2-8 (West

2012)) and requests that we reverse his armed habitual criminal conviction.  We agree.  He also

argues, and the State concedes, that one of his remaining convictions for unlawful use of a

weapon (UUW) by a felon and AUUW must be vacated because both convictions were based on

the single act of possession of a firearm.  Finally, the State agrees that Sanderson is entitled to an

additional day of credit for time served.

¶ 2     The circumstances of Sanderson's arrest are immaterial to the issues raised on appeal,

and as Sanderson does not contend on appeal that the evidence was insufficient to support his

convictions, we will not recite that evidence here. Sanderson was ultimately convicted of three offenses—armed habitual criminal, UUW by a felon, and AUUW, for which he was sentenced to three concurrent terms of six years in prison.

¶ 3　　　　In the trial court, Sanderson moved to dismiss the armed habitual criminal conviction charge on the grounds that his attempted residential burglary conviction could not serve as one of the predicate offenses because it was not a forcible felony. Other than a certified copy of the conviction, the State introduced no evidence at Sanderson's trial of the circumstances of the prior offense. Although Sanderson's posttrial motion did not preserve this issue, the State does not argue forfeiture, and thus we will address the issue. *People v. Beachem*, 229 Ill. 2d 237, 241 n.2 (2008) (forfeiture is in the nature of an affirmative defense that State may raise, waive, or forfeit).

¶ 4　　　　The Code defines "forcible felony" as follows:

　　　　"[T]reason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, robbery, burglary, *residential burglary*, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement and *any other felony which involves the use or threat of physical force or violence against any individual*." (Emphases added.) 720 ILCS 5/2-8 (West 2012).

The State argues that based on the Code's specific reference to residential burglary, attempted residential burglary is inherently forcible given that anyone who attempts residential burglary necessarily contemplates that "violence might be necessary." In effect, the State's position is that an attempt to commit any of the enumerated offenses necessarily qualifies as a forcible felony. For his part, Sanderson contends that the prior attempted felony falls within the Code's

definition only if the State proves that the particular circumstances of the prior offense support the inference that defendant contemplated that violence might be necessary to carry out the crime. In the absence of any such evidence here, Sanderson maintains that the State failed in its burden to prove the necessary predicate offenses for armed habitual criminal.

¶ 5 To resolve this issue, we look to the residual clause of the forcible felony definition, which includes unspecified felonies that involve the use or threat of physical force. An unenumerated felony falls within the residual clause if the defendant "contemplated that the use of force or violence against an individual might be involved and [was] *willing* to use such force or violence." (Emphasis in original.) *People v. Belk*, 203 Ill. 2d 187, 196 (2003). But the defendant need not actually inflict physical injury. *People v. Thomas*, 407 Ill. App. 3d 136, 140 (2011). Interpretation of the forcible felony statute is an issue of law, which we review *de novo*. *Belk*, 203 Ill. 2d at 192.

¶ 6 Courts confronting this issue have found that crimes fall under the residual clause in one of two ways. First, where one of a crime's elements is "a specific intent" to carry out a violent act, every instance of that crime "necessarily qualifies" as a forcible felony. *Thomas*, 407 Ill. App. 3d at 139-40. For instance, *Thomas* held that attempted murder is always a forcible felony based upon the statutory definition of murder:

"Because every attempted murder involves a specific intent to cause death, the trier of fact who finds a person guilty of attempted murder must find that the guilty person contemplated the use of sufficient force to cause very serious injury, injury that can lead to death. Accordingly, we hold that every attempted murder qualifies as a forcible felony for purposes of the armed habitual criminal statute ***." *Id.* at 140.

As an initial matter, we reject the State's position that *Thomas* stands for the proposition that every attempt to commit an enumerated forcible felony falls within the residual clause. Rather, *Thomas* requires an analysis of the elements of the underlying offense to determine whether proof of those elements necessarily entails the use or threat of force or violence against an individual.

¶ 7    The second way a felony can qualify as a forcible felony, even if a crime does not have violent intent as an element, is if the State proves that "under the particular facts of this case," the defendant contemplated the use of force and was willing to use it. *Belk*, 203 Ill. 2d at 195. In *Belk*, a felony murder case, aggravated possession of a stolen motor vehicle was deemed not to be a forcible felony. Felony murder requires the State to show that defendant unjustifiably killed another while "attempting or committing a forcible felony other than second degree murder." 720 ILCS 5/9-1(a)(3) (West 2012). In *Belk,* defendant was fleeing from police in a stolen van when he crashed into another vehicle, killing both occupants. Considering whether these facts gave rise "to an inference that at some point during his attempt to elude the police, [defendant] contemplated that escape might involve the use of force or violence against an individual," our supreme court concluded that although the defendant was reckless and injury to pedestrians and other motorists was certainly foreseeable, nothing supported the inference that he believed "the use of force or violence against an individual might be *necessary* in order for him to accomplish his escape." (Emphasis in original.) *Belk*, 203 Ill. 2d at 195.

¶ 8    By contrast, in *People v. Greer*, 326 Ill. App. 3d 890 (2002), the issue was whether defendant's conviction for armed violence based on unlawful possession of a controlled substance with intent to deliver was a "forcible felony" for purposes of his felony murder charge. Despite its label, armed violence (which involves the use of a firearm in the commission of a

felony (720 ILCS 5/33A-2 (West 2012))) does not inherently involve the use or threat of force or violence against another. Rather, a person can be guilty of armed violence when committing a felony while armed with a firearm even if he does not display or intend to use it. See *People v. Bond*, 178 Ill. App. 3d 1020 (1989) (affirming armed violence conviction where police found handgun under a sofa cushion where defendant was sitting, even though the gun was not in plain view and defendant testified he never intended to use it). In *Greer*, 326 Ill. App. 3d at 892, defendant and his cousin brought a gun to a drug sale, intending to collect past debts owed to them for prior sales. *Greer* held on these facts that armed violence was a forcible felony. The court found that, under the circumstances, "[t]here can be little doubt that defendant contemplated that the threat of violence would be used to carry out the scheme upon which the two had embarked." *Id.* at 894.

¶ 9        Sanderson's conviction for attempted residential burglary is neither by definition nor by circumstance a forcible felony. First, attempted residential burglary is not inherently a forcible felony, since its elements do not include a specific intent to carry out a violent act. The Criminal Code defines residential burglary as "knowingly and without authority enter[ing] or knowingly and without authority remain[ing] within the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft." 720 ILCS 5/19-3(a) (West 2012). Attempted residential burglary is committing a substantial step toward the commission of residential burglary with the intent to commit that offense. 720 ILCS 5/8-4(a) (West 2012) (defining crimes of attempt).

¶ 10       None of the elements of attempted residential burglary requires that the defendant contemplate the use of violence. For instance, it could qualify as attempted burglary if a would-be thief tested the window of a rental home he knew was vacant. See *People v. Pearson*, 183 Ill.

App. 3d 72, 75 (1989) (for purposes of the residential burglary statute, vacant residential property qualifies as a dwelling place if new residents are planning to move in within a reasonable period of time). Alternately, if the prospective thief cased the property, found it unexpectedly to be occupied, and left without attempting entry, that could also qualify as attempted burglary—even if he left specifically to avoid the possibility of confrontation. See *People v. Jiles*, 364 Ill. App. 3d 320, 334-35 (2006) (evidence was sufficient to convict defendant of attempted residential burglary where he reconnoitered a residence with burglary tools in his possession, but did not attempt entry). As these examples show, it is entirely possible for a defendant to be found guilty of attempted residential burglary even where the defendant did not contemplate using force or violence in furtherance of the crime.

¶ 11       Second, there is no evidence that, under the particular facts of this case, Sanderson contemplated the use of force. As noted, the State presented no evidence at all regarding the particulars of Sanderson's attempted residential burglary conviction, much less any facts that could be used to infer his intent.

¶ 12       The State stresses that residential burglary is a dangerous crime because of the possibility of violent confrontation with people in the home. On this point, the State cites our supreme court's statement that residential burglaries are more dangerous than other burglaries because "[t]here is a considerably greater chance of injury and danger to persons in the home context." (Internal quotation marks omitted.) *People v. Bales*, 108 Ill. 2d 182, 193 (1985) (holding that it is not unconstitutionally disproportionate to impose greater penalties for residential burglary than for burglary). We do not downplay these risks. Many people who attempt residential burglary— possibly even Sanderson himself—contemplate violence in furtherance of their criminal schemes. But without any evidence of the facts underlying Sanderson's conviction, we cannot

say that the State has proven beyond a reasonable doubt his willingness to use violence against another, which would be necessary for his conviction to constitute a forcible felony.

¶ 13   Because we have concluded that Sanderson's conviction for attempted residential burglary could not serve as one of the predicate offenses for armed habitual criminal, his conviction for that offense must be reversed.

¶ 14   As noted, Sanderson raises two additional issues, with which the State agrees. First, he contends that one of his convictions arising out of possession of the weapons must be vacated under the one-act, one-crime rule. See *People v. Artis,* 232 Ill. 2d 156, 165 (2009) (multiple convictions improper where they are based on a single physical act); *People v. Rodriguez*, 169 Ill. 2d 183, 186 (1996) (rule allows for only one criminal conviction for a single act). Because both of Sanderson's weapons convictions were based on the single physical act of possessing a handgun, we affirm the trial court's sentence on the more serious charge, UUW by a felon (720 ILCS 5/24-1.1(e) (West 2012) (Class 2 sentence of 3 to 14 years)), and vacate the conviction for AUUW (720 ILCS 5/24-1.6(1), (3) (West 2012) (Class 2 sentence of 3 to 7 years)).

¶ 15   The State also agrees that Sanderson is entitled to an additional day of credit for his presentence detention. We direct the clerk to correct the mittimus to reflect 583 days credit for time served. *People v. Sample*, 326 Ill. App. 3d 914, 931 (2001) (remand unnecessary because court has the authority to direct the clerk of the circuit court to make appropriate corrections).

¶ 16   Affirmed in part; reversed in part; mittimus corrected.