# Illinois Official Reports

## Appellate Court

---

### *People v. Schultz*, 2019 IL App (1st) 163182

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT SCHULTZ, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-16-3182 |
| Filed | March 29, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-CR-20308; the Hon. Thaddeus L. Wilson, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Yasaman Hannah Navai, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Noah Montague, and James Murphy, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.<br>Presiding Justice Delort and Justice Connors concurred in the judgment and opinion. |

**OPINION**

¶ 1    The defendant-appellant, Robert Schultz, seeks a reduction of his Class 2 conviction for unlawful use or possession of a weapon by a felon (UUWF) to a Class 3 offense, because he claims that the State did not prove that he had a prior conviction for a "forcible felony." For the following reasons, we reject the defendant's argument and affirm the judgment of the circuit court of Cook County.

¶ 2                                    BACKGROUND

¶ 3    In December 2015, the defendant was charged by indictment with seven counts, including two counts of UUWF (counts I and II) and five counts of aggravated unlawful use of a weapon (counts III through V). With respect to count I, which is the only relevant count in this appeal, the indictment alleged that the defendant "committed the offense of unlawful use or possession of a weapon by a felon in that he knowingly possessed on or about his person any firearm, after having been previously convicted of the felony offense of felony firearm under case number 12-009438 (Wayne County, Michigan), in violation of Chapter 720 Act 4 Section 24-1.1(a) of the Illinois Compiled Statutes ***." The indictment also specified that "The State shall seek to sentence him as a Class 2 offender in that he has been previously convicted of felony firearm under case number 12-009438 (Wayne County, Michigan)."

¶ 4    The circuit court conducted a bench trial on October 6, 2016. The State first called a witness from the Illinois State Police Firearm Services Bureau, who testified that there was no record of the defendant ever having a Firearm Owner Identification Card or concealed carry license. The State then called the defendant's arresting officer, Michael Power. Officer Power testified that he was driving an unmarked police vehicle when he noticed a number of individuals, including the defendant, loitering near a van. When Officer Power approached the van to conduct a field interview, the defendant removed a handgun from his waistband and "tossed it underneath the car onto the ground." Officer Power arrested the defendant and recovered the handgun at the scene.

¶ 5    In addition to this testimony, the State also offered into evidence the following stipulation: "It is hereby stipulated by and through the parties, the defendant, Robert Schultz, has prior felony convictions for the offenses of assault with a dangerous weapon and carrying a firearm while committing or attempting to commit a felony in Wayne County, Michigan, under Case 12-009438." Defense counsel agreed that this was "So stipulated." The State rested following the stipulation.

¶ 6    The defendant called a single witness, Ronnie Burnett, who testified that he was with the defendant at the time of his arrest but denied seeing the defendant with a gun. The defendant elected not to testify.

¶ 7    After closing arguments, the trial court found the defendant guilty of all counts. The court ordered a presentencing investigation report (PSI report) and scheduled posttrial motions and sentencing.

¶ 8    The defendant's PSI report reflected a prior conviction in Michigan for "Assault With a Dangerous Weapon" under case No. 1200943801. Attached to the PSI report is a "Criminal History Record" from Michigan, reflecting that in January 2013 defendant was convicted of

felony "assault with a dangerous weapon" under section 750.82 of the Michigan Penal Code. Mich. Comp. Laws § 750.82 (1994).

¶ 9 On November 18, 2016, the court denied the defendant's motion for new trial and proceeded to sentencing. In aggravation, the State referenced the two prior Michigan convictions in the trial stipulation but did not offer specific evidence about the circumstances of either conviction. The State requested a sentence in the range of three to seven years.

¶ 10 After hearing evidence in mitigation, the court determined that all counts merged into count I for UUWF and sentenced the defendant on that count to four years in the Illinois Department of Corrections, plus two years of mandatory supervised release. The transcript does not reflect that the court orally stated whether it found that the offense was a Class 2 or Class 3 felony. However, the court's written sentencing order specified a Class 2 conviction for UUWF.

¶ 11 After the defendant's motion to reconsider sentence was denied, defendant filed a timely notice of appeal. Accordingly, we have jurisdiction. Ill. S. Ct. R. 606(b) (eff. Dec. 11, 2014).

¶ 12 ANALYSIS

¶ 13 On appeal, the defendant does not dispute that he possessed a firearm on the date of his arrest. Rather, he raises a single sentencing issue. He asserts that his Class 2 UUWF conviction should be reduced to a Class 3 conviction, because the State failed to prove that either of the prior Michigan convictions referenced in the trial stipulation constituted a "forcible felony." See 720 ILCS 5/24-1.1(e) (West 2016) (violation of the UUWF statute by a person "who has been convicted of a forcible felony" is a Class 2 felony, rather than a Class 3 offense).

¶ 14 The defendant acknowledges the trial stipulation referencing two prior Michigan convictions, but he argues that the State failed to prove that either of the stipulated convictions was a "forcible felony" as that term is defined by section 2-8 of the Criminal Code of 2012 (Code) (*id.* § 2-8). He claims that because neither of the prior Michigan offenses is explicitly named as a "forcible felony" in section 2-8, the State was required to offer additional evidence regarding the circumstances of the prior crimes, to prove that either fell within the so-called "residual clause" of section 2-8 of the Code. See *id.* (extending the definition of a forcible felony to "any other felony which involves the use or threat of physical force or violence against any individual"). The defendant thus argues that the State failed to meet its burden to prove a prior "forcible felony," as necessary to warrant a Class 2 UUWF conviction.

¶ 15 The defendant acknowledges that this issue was forfeited, as he did not raise this argument in the trial court. Nonetheless, he urges that we should consider it under the plain-error rule, which "bypasses normal forfeiture principles and allows a reviewing court to consider unpreserved claims of error in specific circumstances." *People v. Thompson*, 238 Ill. 2d 598, 613 (2010). The defendant relies on the second prong of the plain-error doctrine, which applies if "a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process." (Internal quotation marks omitted.) *Id.*

¶ 16 The State responds that there was no error and thus no plain error. See *id.* ("The first step of plain-error review is determining whether any error occurred."). The State urges that the trial stipulation was sufficient to support his Class 2 UUWF conviction, even without evidence of the specific facts underlying the prior Michigan convictions, because both Michigan

convictions were "inherently forcible felonies." That is, the State contends that either of the prior Michigan offenses fell within the residual clause of section 2-8 and, thus, both were forcible felonies supporting enhancement to a Class 2 conviction.

¶ 17        The sentencing provision of the UUWF statute states:

> "Violation of this Section by a person not confined in a penal institution shall be a Class 3 felony for which the person shall be sentenced to no less than 2 years and no more than 10 years ***. Violation of this Section by a person not confined in a penal institution *who has been convicted of a forcible felony* *** is a Class 2 felony for which the person shall be sentenced to not less than 3 years and not more than 14 years." (Emphasis added.) 720 ILCS 5/24-1.1(e) (West 2016).

In other words, "the offense of unlawful use of a weapon by a felon is enhanced from a Class 3 felony to a Class 2 felony when the defendant has previously been convicted of a forcible felony. [Citation.]" *People v. Carmichael*, 343 Ill. App. 3d 855, 859 (2003).

¶ 18        The term "forcible felony" is defined by section 2-8 of the Code. See 720 ILCS 5/2-8 (West 2016). Section 2-8 of the Code first sets forth a list of certain enumerated offenses that constitute forcible felonies,[1] which is followed by a residual clause that encompasses "any other felony which involves the use or threat of physical force or violence against any individual." *Id.*

¶ 19        The parties agree that neither of the Michigan convictions referenced in the stipulation at defendant's trial is included in section 2-8's list of enumerated offenses. Thus, the crux of this appeal is whether either of those prior Michigan convictions falls within the residual clause of section 2-8. "Interpretation of the forcible felony statute is an issue of law, which we review *de novo.*" *People v. Sanderson*, 2016 IL App (1st) 141381, ¶ 5 (citing *People v. Belk*, 203 Ill. 2d 187, 192 (2003)).

¶ 20        "An unenumerated felony falls within the residual clause if the defendant 'contemplated that the use of force or violence against an individual might be involved and [was] *willing* to use such force or violence.' (Emphasis in original.) [*Belk*, 203 Ill. 2d at 196.] But the defendant need not actually inflict physical injury. [Citation.]" *Id.*

¶ 21        "[C]rimes fall under the residual clause in one of two ways. First, where one of a crime's elements is 'a specific intent' to carry out a violent act, every instance of that crime 'necessarily qualifies' as a forcible felony." *Id.* ¶ 6 (quoting *People v. Thomas*, 407 Ill. App. 3d 136, 139-40 (2011)). Thus, certain crimes, by definition, are necessarily considered forcible felonies, even absent specific evidence of the circumstances of the prior offense. For example, in *Thomas*, the defendant challenged his conviction under the armed habitual criminal statute (which required two predicate forcible felonies) on the grounds that "proof of his previous conviction for attempted murder did not prove that he committed a forcible felony." 407 Ill. App. 3d at 138-39. Our court thus "review[ed] *de novo* the question of law as to whether evidence that a defendant had a prior conviction for attempted murder, without any details

---

[1]The enumerated offenses are "treason, first degree murder, second degree murder, predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, robbery, burglary, residential burglary, aggravated arson, arson, aggravated kidnaping, kidnaping, aggravated battery resulting in great bodily harm or permanent disability or disfigurement." 720 ILCS 5/2-8 (West 2016).

about the crime, proves that he committed a forcible felony." *Id.* at 139. We held that attempted murder is necessarily a forcible felony:

> "Because every attempted murder involves a specific intent to cause death, the trier of fact who finds a person guilty of attempted murder must find that the guilty person contemplated the use of sufficient force to cause very serious injury, injury that can lead to death. Accordingly, we hold that every attempted murder qualifies as a forcible felony for purposes of the armed habitual criminal statute ***." *Id.* at 140.

¶ 22    Thus, to determine if a crime is inherently a forcible felony, we perform "an analysis of the elements of the underlying offense to determine whether proof of those elements necessarily entails the use or threat of force or violence against an individual." *Sanderson*, 2016 IL App (1st) 141381, ¶ 6. Under that approach, we have held that attempted armed robbery is an "inherently forcible felony" because it "requires evidence that a defendant possessed the specific intent to knowingly take property from another by threat or use of force while armed with a firearm." *People v. Brown*, 2017 IL App (1st) 150146, ¶¶ 19-22. We have also held that vehicular hijacking is an inherently forcible felony, because "the act of taking a motor vehicle from a person by the use of force or by threatening the imminent use of force necessarily involves at least the contemplation that violence might be necessary to carry out the crime." *People v. Wooden*, 2014 IL App (1st) 130907, ¶ 20.

¶ 23    "The second way a felony can qualify as a forcible felony, even if a crime does not have violent intent as an element, is if the State proves that 'under the particular facts of this case,' the defendant contemplated the use of force and was willing to use it." *Sanderson*, 2016 IL App (1st) 141381, ¶ 7 (quoting *Belk*, 203 Ill. 2d at 195). Our supreme court's decision in *Belk* illustrates this principle. The *Belk* defendant stole a vehicle and fled from police before crashing the vehicle, resulting in two deaths. 203 Ill. 2d at 189. The defendant was convicted of felony murder, based on the predicate felony of aggravated possession of a stolen motor vehicle. *Id.* at 191. The defendant argued that the predicate offense was not a forcible felony, as required to implicate the felony-murder statute. *Id.*

¶ 24    Because aggravated possession of a stolen motor vehicle was not one of the specifically enumerated felonies in section 2-8 of the Code, our supreme court framed the issue as "whether, under the facts of this case, Belk's aggravated possession of a stolen motor vehicle involved the use or threat of physical force or violence against any individual." *Id.* at 193. Our supreme court discussed whether there was "any evidence which would give rise to an inference that at some point during his attempt to elude the police [defendant] contemplated that escape might involve the use of force or violence against an individual." *Id.* at 195. The court answered in the negative, finding that, although Belk may have "acted recklessly," the evidence "does not support an inference that Belk contemplated that the use of force or violence against an individual might be *necessary* in order for him to accomplish his escape." (Emphasis in original.) *Id.* Thus, our supreme court held that there was not a forcible felony supporting a felony murder conviction. *Id.* at 197-98.

¶ 25    In addition to *Belk*, defendant relies on more recent decisions of our court holding that, if a prior conviction was not *inherently* a forcible felony, then the State must offer specific evidence to show that the prior crime involved the use or threat of force. Thus, in *Sanderson*, 2016 IL App (1st) 141381, our court reversed a conviction for the offense of being an armed habitual criminal, to the extent it was premised upon a prior conviction for attempted residential burglary. We held that the attempted burglary was "not inherently a forcible felony,

since its elements do not include a specific intent to carry out a violent act." *Id.* ¶ 9. Furthermore, the State offered "no evidence that, under the particular facts of this case, Sanderson contemplated the use of force." *Id.* ¶ 11. Without such evidence, the State could not prove the defendant's "willingness to use violence against another, which would be necessary for his conviction to constitute a forcible felony." *Id.* ¶ 12.

¶ 26    The defendant also directs us to *Carmichael*, 343 Ill. App. 3d 855. Similar to the instant appeal, *Carmichael* concerned whether a prior stipulated conviction was a forcible felony that supported enhancement of a UUWF conviction to a Class 2 felony. *Id.* at 857-58. The *Carmichael* defendant's trial counsel stipulated that defendant had a prior conviction for armed violence, but the State did not introduce evidence regarding the circumstances of that prior offense. *Id.* at 858. We reasoned that, since the "record [was] silent as to the circumstances surrounding the defendant's armed violence conviction," we could not assess whether the defendant "contemplated that the use or threat of force or violence might be necessary to carry out" the prior crime. *Id.* at 861. We further determined that armed violence was not an "inherently violent" offense, as it could be "committed by merely possessing a firearm" during the commission of a nonviolent felony. *Id.*[2] Thus, we concluded that the trial court erred in enhancing the UUWF conviction to a Class 2 felony. *Id.*

¶ 27    The defendant's opening brief relies on *Carmichael* and *Sanderson* to urge that the State was required to offer proof of the particular facts and circumstances of the prior Michigan convictions, beyond the trial stipulation, to prove that either offense was a forcible felony. However, the defendant's argument ignores our precedent holding that such particularized proof is not necessary, if a defendant's prior conviction was for an *inherently* forcible felony. Indeed, the *Sanderson* decision explicitly recognizes that "crimes fall under the residual clause [of section 2-8] in one of two ways"; either the elements are such that "every instance of that crime necessarily qualifies as a forcible felony," or the State can prove that "under the particular facts of this case, the defendant contemplated the use of force and was willing to use it." (Internal quotation marks omitted.) *Sanderson*, 2016 IL App (1st) 141381, ¶¶ 6-7.

¶ 28    The State urges that either of the two prior Michigan convictions referenced in the trial stipulation inherently constitutes a forcible felony. First, to the extent the stipulation referred to the defendant's prior felony conviction for "assault with a dangerous weapon," the State argues that this stipulation (as well as the PSI report and other documents in the record) prove that he was convicted under Michigan's felonious assault statute, section 750.82 of the Michigan Penal Code (Mich. Comp. Laws § 750.82 (1994)). The State urges that the language of that statute, as well as Michigan case law defining "assault," establishes that this conviction necessarily qualifies as a forcible felony.

¶ 29    In response, the defendant's reply brief first argues that the State cannot rely on any Michigan statute because "the prosecutor did not refer to the Michigan statutes [the defendant] violated" at trial or during sentencing. The defendant does not dispute that the PSI report and other record documents reflect that he was, in fact, convicted under section 750.82. However, he argues that "[b]ecause the criminal history report was not introduced at trial and the prosecutor never referred to the particular [Michigan] statutes *** at sentencing, it is improper

---

[2]Further, the parties in *Carmichael* agreed on appeal that the armed violence conviction was "based upon [defendant's] commission of the predicate felony of possession of a controlled substance." *Carmichael*, 343 Ill. App. 3d at 860.

for the State to rely on them" in this appeal. The defendant essentially argues that, since the trial stipulation did not cite a specific statute, the State cannot refer to any statute in its argument before our court.

¶ 30     We disagree. At trial, the defendant stipulated that he was convicted in Michigan of two felonies, including "assault with a dangerous weapon." We recognize that the State was somewhat careless in crafting the wording of the stipulation, to the extent that it failed to include a citation to the precise Michigan statute underlying that prior conviction. We certainly do not mean to encourage that practice, and we admonish the State to be more precise in such stipulations, especially when referencing prior out-of-state convictions. Nonetheless, we do not find that this omission leads to reversible error in this case, as the defendant does not cite (and we are not aware of) any authority that would preclude the trial court from taking notice of the Michigan legal authorities that define the stipulated offense. As discussed below, those authorities make clear that a felony for "assault with a dangerous" weapon in Michigan would be premised under section 750.82. Further, the defendant does not dispute that the trial stipulation referred to his prior conviction under section 750.82.[3]

¶ 31     The defendant's reply otherwise suggests that it is improper for our court to consider whether an out-of-state statute describes a "forcible felony" for purposes of the Code section 2-8's residual clause. He acknowledges that "Illinois courts have evaluated Illinois statutes" to determine if an offense is inherently a forcible felony under section 2-8 but points out that "the State cites no cases where out of state statutes were examined." We reject the defendant's suggestion. Our precedent indicates that we may conduct "an analysis of the elements of the underlying offense to determine whether proof of those elements necessarily entails the use or threat of force or violence." *Sanderson*, 2016 IL App (1st) 141381, ¶ 6. The defendant does not cite any authority suggesting that we are precluded from applying that same analysis to crimes committed in other jurisdictions. Moreover, nothing in section 2-8 of the Code suggests that only a prior conviction under Illinois law may constitute a "felony which involves the use or threat of physical force or violence against any individual." 720 ILCS 5/2-8 (West 2016). Similarly, the UUWF statute does not suggest that only *Illinois* forcible felonies may support a sentencing enhancement to a Class 2 offense. See *id.* § 24-1.1(e).

¶ 32     We thus reach the question of whether the defendant's prior Michigan conviction for "assault with a dangerous weapon" constituted a forcible felony. The defendant urges that, even assuming that he was "found guilty of felonious assault pursuant to [section 750.82 of the Michigan Penal Code], this offense does not inherently constitute a forcible felony." As set forth below, we disagree.

¶ 33     Section 750.82 of the Michigan Penal Code is entitled "Felonious assault; violation in a weapon free school zone" and provides, in relevant part:

_____

[3]We note that other record documents make clear that the defendant was, in fact, convicted under section 750.82 of the Michigan Penal Code. The PSI report references a conviction for "Assault with a Dangerous Weapon" in case No. 1200943801; the Michigan criminal history records state (under the same case number) that he was convicted of "Assault With [a] Dangerous Weapon," explicitly referencing "750.82" as the statutory basis for that conviction. The defendant does not dispute the accuracy of these records. We recognize that these sentencing documents could not be relied upon by the trial court as evidence that the prior conviction was for a violation of section 750.82; nonetheless, they undermine any suggestion that the stipulated conviction at issue could have referred to some other offense.

- 7 -

"Except as provided in subsection (2),[4] a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $2,000.00, or both." Mich. Comp. Laws § 750.82 (1994).

¶ 34    We first note, as recognized by the parties, that Michigan lacks a statutory definition for the crime of simple "assault." However, in *People v. Gardner*, 265 N.W.2d 1 (Mich. 1978), the Michigan Supreme Court approved of three separate definitions of criminal assault, derived from three different treatises. First, the Michigan Supreme Court stated: "We adopt what Perkins on Criminal Law *** says is the majority rule, namely a simple criminal assault is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." (Internal quotation marks omitted). *Id.* at 7. The *Gardner* court further approved definitions from two additional treatises. See *id.* ("We also hold that either the Cyclopedia or the Bishop definition *** is an adequate definition of a form of assault and that both forms are actionable in the criminal law."). Thus, the Michigan Supreme Court also approved two other definitions: (1) "[a]n assault is any attempt or offer with force or violence to do a corporal hurt to another, whether from malice or wantonness, with such circumstances as denote at the time an intention to do it, coupled with a present ability to carry such intention into effect" and (2) "[a]n assault is any unlawful physical force *** creating a reasonable apprehension of immediate injury to a human being." (Internal quotation marks omitted.) *Id.* at 6.

¶ 35    The State notes that two of the three definitions of assault approved in *Gardner* include the term "force" and thus argues: "The fact that 'force' is a defined element of assault shows that some measure of violence was not only contemplated but carried out by defendant." The State thus suggests that *Gardner* establishes that any assault is necessarily a forcible felony.

¶ 36    The defendant's reply brief emphasizes the remaining definition approved by *Gardner*, *i.e.*, that "a simple criminal assault is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." (Internal quotation marks omitted.) *Id.* at 7. The defendant argues that, because this definition does not "include either the use or threat of force" as an element, *Gardner* establishes "that a Michigan felonious assault conviction does not inherently constitute a forcible felony in Illinois."

¶ 37    We disagree. First, we are not convinced that the *Gardner* definition relied upon by defendant does not describe an inherently forcible act. That definition states that a simple criminal assault is an "either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery." (Internal quotation marks omitted.) *Id.* We recognize that this definition does not use the precise terms "threat" or "force." Yet, even under this definition, we fail to see how one can attempt to commit a battery, or place another in reasonable apprehension of receiving an immediate battery, without contemplating or threatening the use of force. Notably, defendant does not even attempt to argue how one could commit an assault under this definition *without* contemplating or threatening force or violence.

---

[4]Subsection (2) refers to a violation of subsection (1) "in a weapon free school zone." Mich. Comp. Laws § 750.82 (1994).

¶ 38    More importantly, whereas *Gardner* concerned the common-law definition of *simple assault*, in this case, defendant stipulated to a Michigan felony conviction for "assault with a dangerous weapon." As discussed, the record makes clear that this referred to defendant's conviction under Michigan's "felonious assault" statute (Mich. Comp. Laws § 750.82 (1994)).[5] Michigan authorities make clear that a conviction under this statute requires additional elements beyond the commission of the "simple assault" defined in *Gardner*.

¶ 39    Significantly, in a decision just one year after *Gardner*, the Michigan Supreme Court held that, in prosecutions for felonious assault under section 750.82, "the jury should be instructed that there must be either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery." *People v. Johnson*, 284 N.W.2d 718, 718-19 (Mich. 1979). Thus, Michigan courts now recognize that "[t]o perpetrate a felonious assault, a defendant must commit '(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery.' [Citation.]" *People v. Nix*, 836 N.W.2d 224, 230 (Mich. Ct. App. 2013); see also *People v. Bosca*, 871 N.W.2d 307, 325 (Mich. Ct. App. 2015) (" 'The elements of [assault with a dangerous weapon] are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery. [Citation.]").

¶ 40    We note that this case law precedent refutes the argument in the defendant's reply brief that relies upon the portion of the felonious assault statute specifying that it is committed "*without intending* to commit murder or to inflict great bodily harm less than murder." (Emphasis added.) Mich. Comp. Laws Ann. § 750.82 (West 1994). The defendant suggests that "it cannot be said that a felonious assault conviction is inherently violent *** where an element of felonious assault is that the defendant *lack* an intent to inflict severe bodily harm." The defendant's argument is without merit, as it confuses the lack of intent *to kill or inflict serious bodily harm* as equivalent to the lack of *any* intent to use or threaten force. However, the Michigan case law precedent clarifies that a conviction under section 750.82 requires a finding that defendant intended to injure or place the victim in reasonable apprehension of an immediate battery.

¶ 41    Under this precedent, it is apparent that defendant's stipulated Michigan conviction for assault with a dangerous weapon included findings that defendant had made "either an attempt to commit a battery or an unlawful act which place[d] another in reasonable apprehension of receiving an immediate battery," that he did so with a dangerous weapon, and that he acted with "either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery." *Johnson*, 284 N.W.2d at 718-19; Mich. Comp. Laws § 750.82 (1994). Especially considering the requisite intent for this offense, we cannot see, and the defendant does not attempt to articulate, how one could violate section 750.82 of the Michigan Penal Code without "the use or threat of physical force or violence," within the meaning of section 2-8 of the Code (720 ILCS 5/2-8 (West 2016)). Thus, upon considering relevant Michigan authorities, we hold that defendant's prior conviction for violation of section 750.82 of the Michigan Penal Code was inherently a forcible felony pursuant to section 2-8 of the Code.

---

[5]Michigan courts refer to this statutory offense as either "assault with a dangerous weapon" or "felonious assault." See, *e.g.*, *People v. Bosca*, 871 N.W.2d 307 (Mich. Ct. App. 2015) (using both terms to refer to violations of section 750.82 of the Michigan Penal Code).

¶ 42    As the State points out, it needed only to prove that *one* of the two stipulated prior Michigan convictions was a forcible felony, in order to support the enhancement of the defendant's UUWF conviction to a Class 2 offense. See *id.* § 24-1.1(e). As we have determined that the defendant's stipulated conviction for "assault with a dangerous weapon" constituted a forcible felony, we need not address the parties' arguments regarding the other prior Michigan conviction referenced in the trial stipulation, for "carrying a firearm while committing or attempting to commit a felony."

¶ 43    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 44    Affirmed.